UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

INMUNO VITAL, INC. )   Case No. 99-1876 CIV-MOORE
 )
    Plaintiff, )   Magistrate Judge O'Sullivan
v. )
 )
**TELEMUNDO GROUP, INC.**, a Delaware )
corporation; **TELEMUNDO HOLDINGS, INC.** )
a Delaware corporation; **TLMD STATION** )
**GROUP, INC.**, a Delaware corporation, and )
**TELEMUNDO NETWORK GROUP LLC**, a )
Delaware limited liability company, )
 )
    Defendants. )
 )

## INMUNO'S MOTION FOR NON-JURY TRIAL ON DAMAGES

Plaintiff, Inmuno Vital, Inc. ("Inmuno"), by and through its undersigned counsel, hereby files its Motion for Non-Jury Trial on Damages and states as follows:

Inmuno's Complaint against defendants Telemundo Group, Inc., Telemundo Holdings, Inc., TMLD Station Group, Inc., and Telemundo Network Group LLC (collectively "Telemundo") did not request a jury trial. However, this Court granted Inmuno's subsequent Motion allowing Inmuno to present its claims to a jury.

However, Inmuno is now compelled to reverse itself due to this Court's October 1, 2001 Omnibus Order and October 2, 2001 Order striking Telemundo's pleadings and ordering a trial on damages only. Inmuno now seeks a bench trial on damages because Telemundo is no longer entitled to a jury trial after its pleadings have been stricken.

The effect of striking pleadings and rendering judgment for Inmuno on the issue of liability is that of a default judgment. As such, Telemundo "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on

1

appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361-2 (11th Cir. 1987). Similarly, "a default judgment generally precludes trial of the facts except as to damages." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990); *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *Chemtall, Inc. v. Citi-Chem, Inc.*, 992 F. Supp. 1390, 1412-3 (S.D. Ga. 1998); *Patray v. Northwest Pub. Co.*, 931 F. Supp. 865, 869-70 (S.D. Ga. 1996); *Sales v. Republic of Uganda*, 828 F. Supp. 1032, 1308 (S.D.N.Y. 1993). Likewise, a defendant is not held to admit facts that are not well pleaded. *Patray*, 931 F. Supp. at 869; *see also Wahl v. McIver*, 773 F.2d 1169, 1172-3 (11th Cir. 1985).

Although this issue has apparently not been decided by the Eleventh Circuit, other courts, notably the Ninth, First, and Fifth Circuits, have held that "after a default judgment has been entered under *Fed. R. Civ. P.* 37(b)(2), **a party has no right to a jury trial** under either *Fed. R. Civ. P.* 55(b)(2), which authorizes a district court to hold an evidentiary hearing to determine the amount of damages, or the Seventh Amendment." *Adriana*, 913 F.2d at 1414; *Bonilla v. Trebel Motors Corp.*, 150 F.3d 77, 82-3 (1st Cir. 1998); *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 4 (1st Cir. 1993); *In re Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992); *Henry v. Sneiders*, 490 F.2d 315, 318 (9th Cir. 1974); *Meyers v. Lakeland Supply, Inc.*, 133 F. Supp.2d 1118, 1119 (E.D. Wis. 2001); *Benz v. Skiba, Skiba & Glomski*, 164 F.R.D. 115, 116 (D. Me. 1995); *Frankart Distr. v. Levitz*, 796 F. Supp. 75, 76-77 (E.D.N.Y. 1992); *Gulf Oil Corp. v. Bill's Farm Center*, 52 F.R.D. 114, 119 (W.D. Mo. 1970). (emphasis added).

*Adriana* and *Gulf Oil* are of particular relevance because those cases involved defaults under Rule 37 due to discovery violations. *Adriana*, 913 F.2d at 1414; *Gulf Oil*, 52 F.R.D. at 119. Furthermore, after a default has been entered, the trial judge has "considerable latitude in

determining the *amount* of damages." *Jones,* 990 F.2d at 4.[1] Indeed, a party to whom a default has been entered is prohibited from introducing evidence that relates to liability under the guise of damage mitigation. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 160 (2d Cir. 1992).

The District of Columbia Circuit appears to be the lone dissenter, having held in an older case that "the better practice" is to submit the issue of damages to the jury. *Barber v. Turberville,* 218 F.2d 34, 37 (D.C. Cir. 1954). However, *Barber* is distinguishable because the trial court did not make a finding that the right to jury trial on damages is non-existent under the Seventh Amendment following a default. *Id.* In contrast, the case law cited above overwhelmingly holds that there is no Seventh Amendment right to a jury trial on damages after pleadings have been stricken or if a default has been entered. *Adriana,* 913 F.2d at 1414; *Bonilla,* 150 F.3d at 82-3; *Jones,* 990 F.2d 1, 4 (1st Cir. 1993); *In re Dierschke,* 975 F.2d at 185; *Henry,* 490 F.2d at 318 (9th Cir. 1974); *Meyers,* 133 F. Supp.2d at 1119; *Benz,* 164 F.R.D. at 116; *Frankart,* 796 F. Supp. at 76-77; *Gulf Oil Corp.,* 52 F.R.D. at 119.

Given the prevailing case law, in particular *Adriana* and *Gulf Oil,* it is apparent that Telemundo no longer has any right to jury trial. Therefore, this Court should grant Inmuno's Motion and hold a bench trial on damages.

*Wherefore,* Plaintiff, Inmuno Vital, Inc. respectfully requests this Court to hold an non-jury evidentiary hearing to determine damages in this cause.

---

[1] *Jones* involved a default rendered under Rule 55, which authorizes the entry of defaults for failures to respond to pleadings or for failures to prosecute. *Jones,* 990 F.2d at 4.

Respectfully submitted,

FELDMAN GALE & WEBER, P.A.
Miami Center, 19th Floor
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-5001
Facsimile: (305) 358-3309

By: _____
Jeffrey D. Feldman / 330302
James A. Stepan / 0184896
Alejandro O. Soto / 0172847
**Counsel for Plaintiff**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing served by facsimile and U. S. mail this ___1___ day of October 2001 to:

Jack Reiter, Esq.
Alan Rosenthal, Esq.
ADORNO & ZEDER
2601 South Bayshore Drive
Suite 1600
Miami, Florida 33133

**Attorney for Defendants**

_____